STATE OF MONTANA,

Plaintiff,                                                NO. DC 93-30

vs.                                                          DECISION

Adrian Hertz,

Defendant.

On July 19, 1995, it was ordered that the suspension of sentence heretofore entered

on January 26, 1994 is revoked. It is further ordered that the defendant be punished by confinement in the Montana State Prison for a term in the Montana State Prison of ten (10) years for the offense of Burglary, a Felony, Count I, as specified in MCA 45-6-204(1), ten (10) years for the offense of Theft, a Felony, Count II, as specified in MCA 45-6-301(1)(a), and ten (10) years for the offense of Theft, a Felony, Count III, as specified in MCA 45-6-301(1)(a), with none of that time suspended. The sentence imposed on Count II shall run concurrently with the sentence on Count III. The sentences imposed on Counts II and III shall run concurrent with the sentence on Count I. It is further ordered that the defendant shall receive credit for jail time served at initial sentencing of one hundred twenty (120) days. The defendant shall not receive credit for any other elapsed probationary time due to his violations of his probation. The Court recommends that the defendant not be considered eligible for parole until he has successfully completed the Addictive Diseases Study Program at the Montana State Prison. The Court orders that in the event the defendant secures early release from prison via parole, that he shall be responsible for the outstanding balance of his restitution to the victims of these offenses: Mr. and Mrs. James Brogger, 1205 Sloan Road, Ronan, Montana 59864 in the amount of $382.00; and State Farm Insurance, Claim No. 26 9431 142, P.O. Box 4645, Missoula, Montana 59806-4645 in the amount of $1239.40, for a total of $1621.40.

On November 15, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he did not wish to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the petition shall be dismissed with prejudice.

Done in open Court this 15th day of November, 1996.

DATED this 2nd day of December, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**